```
                   UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEWARD STECKLEY,                 :    CASE NO. 1:11-CV-1417
                                  :
     Petitioner                   :    (Judge Caldwell)
                                  :
     v.                           :    (Magistrate Judge Smyser)
                                  :
KENNETH CAMERON, et al.,          :
                                  :
     Respondents                  :
```

**REPORT AND RECOMMENDATION**

Because the petitioner has not exhausted state remedies, we recommend that the petition for a writ of habeas corpus be dismissed.

I. Background and Procedural History.

The petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner is challenging his conviction and sentence from the Court of Common Pleas of Schuylkill County. He asserts numerous claims including claims of ineffective assistance of counsel.

We gave the petitioner the notice required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and ordered him to inform the court how he elects to proceed.  In response, the petitioner filed a document (doc. 7) in which he states that requiring him to make an election on how to proceed without first appointing him counsel is not appropriate.  He seeks reconsideration of the Order requiring him to elect how to proceed and he seeks the appointment of counsel.[1]  He also, however, asserts that this court should grant him habeas relief.  He has in effect elected to proceed under 28 U.S.C. § 2254.

II. Discussion.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, we review the petition to determine whether it plainly appears

---

1. By a separate Order, we have denied his motion for reconsideration and for the appointment of counsel.

from the petition that the petitioner is not entitled to relief.

It plainly appears from the petition that the petitioner has not exhausted state court remedies, and, therefore, he is not entitled to relief.

A state prisoner must exhaust available state remedies before filing a petition for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c). This requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran*

3

*v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987).  In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claims to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971).  To fairly present a claim to the state courts, the petitioner must present both the legal theory and the facts supporting the claim to the state courts. *O'Halloran*, *supra,* 835 F.2d at 508.  Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra,* 526 U.S. at 845.  In Pennsylvania, however, in accordance with Order 218 of the Pennsylvania Supreme Court, review of criminal convictions and post-conviction relief matters from the Pennsylvania Supreme Court is discretionary and "unavailable" for purposes of exhausting state court remedies under § 2254(c). *Lambert v. Blackwell,* 387 F.3d 210, 233 (3d Cir. 2004).

The habeas petitioner must exhaust his state remedies as to each of his federal claims.  If a habeas corpus petition contains both exhausted and unexhausted claims, the petition

4

should normally be dismissed.  *See Rose v. Lundy*, 455 U.S. 509, 515-20 (1982).

The petitioner states in his petition that he has not completed his state court appeals.  A review of the Superior Court of Pennsylvania's docket sheet for the petitioner's appeal reveals that the Superior Court affirmed the petitioner's conviction and sentence on August 16, 2011. *See Docket Sheet in Commonwealth v. Steckley,* 1738 MDA 2010 (Superior Ct.) (docket sheet available through the Pennsylvania Unified Judicial System's website: [www.ujsportal.pacourts.us](www.ujsportal.pacourts.us)).

It does not appear that the petitioner has yet filed a petition for review with the Pennsylvania Supreme Court.  Because of Order 218 of the Pennsylvania Supreme Court, the petitioner does not have to file a petition for review with the Pennsylvania Supreme Court to exhaust his state remedies.  But he nevertheless must exhaust his state remedies as to all of his claims.  It is not clear from the petition and the documents filed by the petitioner what claims he raised on direct appeal.  But claims of ineffective assistance of counsel

are not generally appropriately made on direct review. And the petitioner was represented on direct review by the same attorney he is now claiming was ineffective. Thus, it is reasonable to assume that the petitioner did not raise his ineffective assistance of counsel claims on direct review. Such claims are appropriately made in a Post Conviction Relief Act petition.

While the petitioner admits in his petition that he has not exhausted states remedies, he asserts that the exhaustion requirement does not apply to his case. First, he asserts that the exhaustion requirement does not apply because his judgment and sentence were void ab initio because the trial court lacked jurisdiction. This assertion is without merit; whether the judgment is void is an issue that can be raised in the state courts. He also asserts that the exhaustion requirement does not apply (or has been satisfied) because he attempted to file a habeas corpus petition in state court. But the plaintiff must present his claims to the state courts in a procedurally correct manner which in Pennsylvania means through direct review and then a Post Conviction Relief Act petition.

The plaintiff has not exhausted state remedies.  So we will recommend that the petition be dismissed without prejudice to the plaintiff, if appropriate, timely filing another petition after he has exhausted state remedies.  Because we are recommending that the petition be dismissed, we will also recommend that the petitioner's motion for preliminary injunctive relief be denied.

III. Recommendations.

Because it plainly appears that the petitioner has not exhausted state remedies, we recommend that the petition be dismissed without prejudice, that the petitioner's motion (doc. 5) for preliminary injunctive relief be denied, and that the case file be closed.

                                       ***/s/ J. Andrew Smyser***
                                       J. Andrew Smyser
                                       Magistrate Judge

Dated:  September 8, 2011.