IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWARD STECKLEY, : | |
|     Petitioner : | |
| : | |
|   v. : | CIVIL NO. 1:11-CV-1417 |
| : | |
| KENNETH CAMERON, WARDEN; : | |
| SUPERINTENDENT SCI CRESSON; : | |
| DISTRICT ATTORNEY OF : | |
| SCHUYLKILL COUNTY and THE : | |
| ATTORNEY GENERAL OF : | |
| PENNSYLVANIA, : | |
|     Respondents : | |

*M E M O R A N D U M*

I.  *Introduction*

The pro se petitioner, Steward Steckley, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence in the Court of Common Pleas of Schuylkill County, Pennsylvania, for sexual abuse of children by possession of child pornography.  He has also filed a motion for a preliminary injunction requesting, among other things, discharge from custody.  The magistrate judge has filed a report and recommendation, recommending that the petition be dismissed without prejudice for failure to exhaust state-court remedies and that the motion for a preliminary injunction be denied.

We are considering Petitioner's objections to the report, which assert that extraordinary circumstances excuse his failure to exhaust.  When a petitioner objects to any portions of the magistrate judge's report and recommendation, we must make a *de*

*novo* determination of those portions.  28 U.S.C. § 636(b)(1).  Otherwise, we may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendations.  *Id.*  For the following reasons, we will accept the report and recommendation and dismiss the petition.

II.  *Background*

On August 10, 2009, Petitioner was charged by way of an information.  On December 10, 2009, a jury found him guilty.  On June 30, 2010, the court sentenced him to twenty-five to fifty years' imprisonment.  *Commonwealth v. Steckley*, No. CP-54-CR-1215-2009 (Schuylkill County).  His trial counsel, a court-appointed public defender, represented him on direct appeal.  On August 16, 2011, the Pennsylvania Superior Court affirmed his conviction.  *Commonwealth v. Steckley*, No. 1738 MDA 2010 (Pa. Super. Ct.).  On September 15, 2011, the same counsel filed a petition for allowance of appeal with the Pennsylvania Supreme Court.  *Commonwealth v. Steckley*, No. 681 MAL 2011 (Pa.).  That petition is still pending.[1]

In the meantime, on August 2, 2011, Petitioner filed the instant petition under section 2254.  On September 8, 2011, the magistrate judge filed his report and recommendation, recommending that the petition be dismissed without prejudice for failure to exhaust state-court remedies.

---

[1] This state-court history is based on docket entries, which are public records subject to judicial notice, and available at ujsportal.pacourts.us/docketsheets/cp.aspx.

-2-

III.  *Discussion*

This court is authorized to issue writs of habeas corpus under 28 U.S.C. § 2254(a) for persons "in custody pursuant to the judgment of a State court" when the custody violates the Constitution or federal law.  However, we cannot grant the writ if the petitioner has not exhausted his available state-court remedies.  28 U.S.C. § 2254(b)(1)(A).  "To satisfy exhaustion, a petition must present every claim raised in the federal petition to each level of the state courts."  *Dreher v. Pinchak*, 61 F. App'x 800, 805 (3d Cir. 2003)(nonprecedential).  In Pennsylvania, a petitioner need only raise his claims to the level of the superior court to satisfy the exhaustion requirement because, pursuant to Pennsylvania Supreme Court Order 218, discretionary review in the state supreme court by way of a petition for allowance of appeal is deemed unavailable.  *Boyd v. Waymart*, 579 F.3d 330, 368 (3d Cir. 2009).

At the time the magistrate judge filed his report, the superior court had affirmed the conviction, but Petitioner had not yet filed his petition for allowance of appeal in the supreme court.  It is not apparent from the petition or the documents filed by Petitioner the claims Petitioner raised on direct appeal. Nonetheless, the magistrate judge recommended dismissal for failure to exhaust.[2]  The magistrate judge reasoned that Petitioner could not have exhausted all of his claims on direct appeal because he was claiming ineffective assistance of counsel in his federal petition and ineffectiveness

---

[2] As noted, a petitioner can exhaust his state-court remedies in Pennsylvania by completing an appeal to the superior court.

claims are not generally handled on direct appeal.  He also noted that Petitioner was represented on appeal by his trial counsel, against whom he was claiming ineffectiveness.  The magistrate judge therefore recommended dismissal for failure to exhaust as Petitioner could not have exhausted state remedies on all of his claims.

The procedural backdrop of this case has changed since the magistrate judge filed his report.  As noted, Petitioner has filed a petition for allowance of appeal in the Pennsylvania Supreme Court.  That petition is pending.  Thus Petitioner has failed to exhaust his state-court remedies on all his claims, not just the ones presented on direct appeal.  In reaching this conclusion, we recognize that as a result of Order 218, Petitioner did not have to seek relief in the supreme court.  However, once he did, the exhaustion requirement applies.  *See Andrews v. Sauers*, No. 11-1921, 2011 WL 4047492, at *2 (E.D. Pa. Aug. 18, 2011)(exhaustion requirement is not satisfied when the petitioner still has an allocator request pending in the supreme court and 2254 petition would be dismissed without prejudice as premature); *Soto v. Wynder*, No. 07-4720, 2008 WL 249816, at *2 (E.D. Pa. Jan. 29, 2008) (exhaustion requirement is not satisfied when the petitioner still has a petition for allowance of appeal pending in the state supreme court and 2254 petition would be denied without prejudice).[3]

In his objections, Petitioner argues that exhaustion should be excused because of extraordinary circumstances.  We view this argument as one that would allow

---

[3] Both *Andrews* and *Soto* dealt with petitions to the supreme court in postconviction proceedings rather than on direct appeals.  They nonetheless apply here because Order 218 covers state remedies on direct appeal and in postconviction proceedings.

us to entertain the petition because "circumstances exist that render the [available] state corrective process ineffective to protect the rights of" Petitioner. 28 U.S.C. § 2254(b)(1)(B)(ii). Upon review of the objections, for the most part the circumstances relied on are the grounds presented for vacating Petitioner's conviction, or complaints he has about rulings in his state-court appellate proceedings. These are not circumstances that render Petitioner's state remedies ineffective. Petitioner has also listed cases recognizing that exhaustion is not always required. However, he does not argue how these cases are relevant to his own. Petitioner also relies on a claim of actual innocence. But a showing of actual innocence is a way of allowing consideration of procedurally defaulted claims when a petitioner can no longer satisfy the exhaustion requirement, *see Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010); *Fisher v. Rozum*, __ F. App'x __, __, 2011 WL 3325883, at *3 (3d Cir. 2011) (nonprecedential), not a way of bypassing the exhaustion requirement in the first instance.

Petitioner also objects to the magistrate judge's denial of his request for appointment of counsel to assist him with the decision to either proceed with his 2254 petition as filed or withdraw it and file another more inclusive petition.[4]

The magistrate judge denied appointment of counsel by order dated September 8, 2011. Under Local Rule 72.2, Petitioner was required to appeal the magistrate judge's order within fourteen days after it was issued, but he did not file his

---

[4] On August 10, 2011, the magistrate judge had given Petitioner the notice in this regard required by *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000).

objections until September 29, 2011. Even if we treated Petitioner's objection as a timely appeal of the order, we would dismiss it. It is apparent that Petitioner is not entitled to counsel as he has plainly failed to exhaust state remedies. Failure to appoint counsel might have been problematic if we were going to consider his petition on the merits. The same reasoning applies to the magistrate judge's decision to treat him as having elected to proceed with his current petition. Dismissal of this petition for failure to exhaust state remedies will have no effect on his right to file another petition, after he has exhausted state-court remedies. *See Tyson v. Beard*, 345 F. App'x 744, 749 (3d Cir. 2009) (nonprecedential) (2254 petitions dismissed for failure to exhaust state remedies do not bar a subsequent petition as a second or successive one).

IV. *Conclusion*

We will issue an order denying the section 2254 petition. The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: November 1, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWARD STECKLEY, : | |
|     Petitioner : | |
| : | |
| v. : | CIVIL NO. 1:11-CV-1417 |
| : | |
| KENNETH CAMERON, WARDEN; : | |
| SUPERINTENDENT SCI CRESSON; : | |
| DISTRICT ATTORNEY OF : | |
| SCHUYLKILL COUNTY and THE : | |
| ATTORNEY GENERAL OF : | |
| PENNSYLVANIA, : | |
|     Respondents : | |

*O R D E R*

AND NOW, this 1st day of November, 2011, upon consideration of the report (Doc. 9) of the magistrate judge, filed September 8, 2011, and Petitioner's objections (Doc. 10) thereto, and upon independent review of the record, it is ordered that:

    1. The magistrate judge's report is adopted.

    2. The petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed without prejudice for failure to exhaust state-court remedies.

    3. The motion (Doc. 5) for a preliminary injunction is denied.

    4. A certificate of appealability is denied.

    5. The Clerk of Court shall close this file.

    /s/ William W. Caldwell
    William W. Caldwell
    United States District Judge